**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PATRICIA J. PEARSON,

Plaintiff - Appellant,

v.

MICHAEL J. ASTRUE,
COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

Defendant - Appellee.

No. 08-35140

D.C. No. CV-06-01521-MDC

MEMORANDUM *

Appeal from the United States District Court
for the District of Oregon
Mark D. Clarke, Magistrate Judge, Presiding

Argued and Submitted May 8, 2009
Portland, Oregon

Before: W. FLETCHER, BEA and IKUTA, Circuit Judges.

Patricia J. Pearson appeals the district court's judgment affirming the

Administrative Law Judge's ("ALJ's") denial of Social Security benefits. We have

jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

We review the district court's order affirming the ALJ's denial of benefits *de novo*. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). We must affirm the ALJ's decision if the ALJ applied the correct legal standards and substantial evidence supports the decision. *Id.* Substantial evidence is relevant evidence that a reasonable mind would accept as adequate to support the conclusion. *Id.* "The evidence must be more than a mere scintilla but not necessarily a preponderance." *Id.* (quotation marks omitted). Where the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's conclusions. *Id.* Thus, even if the weight of the evidence is *against* the ALJ's conclusion, so long as there substantial evidence to support the conclusion, we *must* affirm.

Here, the ALJ exercised her discretion to credit the reports of doctors who said Pearson is capable of performing her past work as a housekeeper (Drs. Dragovich and Goodman) over the reports of doctors who said she was not (Drs. Bartol and Herz). Because two doctors opined Pearson could work and had no impairment that met or equaled a listed impairment, the record contains substantial evidence to support the ALJ's finding that Pearson is not disabled, if there is substantial evidence to support the ALJ's decision to discredit the reports of Pearson's treating physicians. There is.

The ALJ articulated specific and legitimate reasons for rejecting the opinions of Pearson's treating physician Dr. Herz, which are supported by

substantial evidence in the record. First, the ALJ noted that Dr. Herz's assessment "seems to have relied largely on the claimant's subjective comments," and the ALJ found Pearson to be not-credible. Second, the ALJ noted that Dr. Herz's assessment was not supported by his objective observations of Pearson during the examination nor Pearson's presentation at her first visit. These reasons are sufficient for the ALJ to disregard Dr. Herz's testimony if they are supported by substantial evidence. *See Tommasetti*, 533 F.3d at 1041.

The ALJ's first reason is supported by substantial evidence. To make the adverse credibility determination, the ALJ noted Pearson's descriptions of her daily activities did not comport with her claims of being debilitated by fatigue, exhaustion and depression. The ALJ also noted Pearson had occasionally gone to treatment providers to get a disability assessment, but then had stopped seeing the treatment providers once she had a note stating she was disabled. The ALJ further noted Pearson would report very low functioning levels to her doctors, but the reports of her visits tended to show she presented as coping well, with bright affect, and was cheerful. These reasons are substantial evidence to support the ALJ's adverse credibility determination. *See id.* at 1039.

There is also substantial evidence in the record to support the ALJ's second reason to reject Dr. Herz's opinion: that Dr. Herz's mental residual function capacity report was contradicted by his objective observations of Pearson during

her first visit.  For example, Dr. Herz's report stated Pearson was limited in her ability to remember locations and work-like procedures, to understand and remember simple or detailed instructions, to carry out simple or detailed instructions, and to make simple work related decisions.  However, Dr. Herz's "Objective Findings" of Pearson state, "she answers questions appropriately without tangentiality and is very articulate," which suggests that Pearson could follow simple instructions as she was able to stay on point and answer his questions; "she appeared to have normal functioning of her immediate, recent and remote memory," which suggests she would be able to remember work-like procedures, instructions and locations; and finally, Dr. Herz observed Pearson's "[i]nsight and judgment were felt to be normal and thinking was abstract," which suggests she would be able to make work-related decisions.

The above constitutes substantial evidence to support the ALJ's conclusion.  Under our deferential standard of review, we affirm.

**AFFIRMED.**